[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared with their counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The defendant and the plaintiff, whose maiden name was Burton, intermarried at Columbia, Connecticut on June 12, 1993; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are two minor children issue of the marriage, Shane Elliot, born March 19, 1995 and Noah Elliot, born January 19, 2001; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably with no hope of reconciliation and that no state or public agency contributed to the support or maintenance of either party or their children.
The plaintiff testified that the cause of the breakdown of her marriage to the plaintiff resulted from physical abuse to her by the defendant for which she had the defendant arrested; that she was four months pregnant with her son, Noah, when she learned that the defendant was involved with another woman; that she was continually getting telephone calls from the defendant's girlfriend, which affected her; that she had the telephone company put a tap on her phone which proved that it was the defendant's girlfriend who was calling her.
The defendant admitted that he had a girlfriend but testified that she was not the cause of the breakdown of his marriage to the plaintiff; that the parties argued over plaintiff's unemployment; that after the children were born, he wanted plaintiff to become employed but she wouldn't; that he had not been convicted of domestic violence and that he left the plaintiff June 1, 2001.
Presently, the defendant is living with his girlfriend and her CT Page 11414 daughters. She contributes to their household expenses. The plaintiff has a boyfriend who has on occasion spent the night with her. He does not contribute to her household expenses.
The court finds that the marriage of the parties has broken down irretrievably with no hope for reconciliation. I find the defendant more at fault for the breakdown than the plaintiff.
The plaintiff; who was born April 14, 1972, appears to be in good health. She does not have a high school diploma only having finished the ninth grade. However, she has enrolled in night school seeking an equivalent degree to a high school education.
The plaintiff's employment has been part-time in grocery stores. She worked at the Colchester Bakery in 2000 for about six weeks earning $8.00 per hour. Presently, she is unemployed. Although she attempted to find employment, she claims that the income from employment she sought would not exceed, to any significant amount, the expenses of day care for her children which would be necessary if she became employed.
The defendant, who was born December 31, 1970, appears to be in good health. He is a licensed electrician and is presently employed as a foreman for State Wide Electric in Manchester, Connecticut. His financial affidavit shows a weekly net income of $624.00 without overtime, after deducting among other items $102.00 for medical and retirement. The defendant's employment does on occasion provide overtime at time and a half of his basic hourly wage of $25.00. However, he claims that because of the present state of the economy, there is very little overtime available to him.
The plaintiff claims that the defendant owes $1,638.00 for child support and alimony. However, the defendant claims that the arrearage is $1,321.00 and that he paid $1,100.00 to plaintiff during July 2001 (Defendant's Exhibit 1) leaving a balance of $221.00.
The parties' 1996 Plymouth was repossessed resulting in a deficiency of $1,800.00. Plaintiff testified that the parties agreed to divide an income tax refund the parties were receiving; that each would contribute $900.00 from their share of the refund towards paying the deficiency; that, although she gave $900.00 to the defendant to pay the deficiency, he did not do so. The defendant denies plaintiff's testimony and claims that she did not pay her share.
When the defendant left the apartment he shared with the plaintiff in June 2001, plaintiff stayed in the apartment until October without paying CT Page 11415 the rent creating a debt of $4,100.00 owed to the landlord. Plaintiff wants the defendant to pay said debt.
Judgment is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown. After considering the evidence, the parties proposed orders and the pertinent provisions of the Conn. Gen. Stats., it is ordered that:
1. The parties shall share joint custody of their minor children with primary custody to the plaintiff. The parties' rights of visitation and matters concerning the children shall be pursuant to the Custody Stipulation the parties agreed to as follows:
a. Custody. The parties shall share joint legal custody of the minor children. Primary residence shall be with the plaintiff. The defendant shall have reasonable and liberal rights of parenting time to include but not be limited to the following:
i. Regular Visitation.
(1) Alternating weekends from Saturday 12:00 p.m. to Sunday at 7:00 p.m., as mutually agreed to by the parties and as long as defendant has appropriate living arrangements.
(2) Every Sunday from 10:00 a.m. to 6:00 p.m. (7:00 p.m. during summer or school vacation)
(3) One evening (either Wednesday or Thursday) each week from 4:00 p.m. to 7:00 p.m., 6:00 p.m. during the school year.
(4) All other times by mutual agreement.
ii. Holidays.
(1) The parties shall share all holidays including "eves" such as Christmas Eve and New Year's Eve, upon a mutually agreed upon schedule. If the parties cannot agree, then all holidays, including "eves," shall be alternated yearly.
(2) Every Father's Day shall be with the Father.
(3) Every Mother's Day shall be with the Mother.
(4) The children's birthdays shall be shared by the parties. CT Page 11416
(5) The children shall spend some time with each parent on that parent's birthday.
iii. Vacations.
(1) Both parties shall have two (2) weeks of vacation time with the children each summer, as mutually agreed upon by the parties and as long as defendant has appropriate living arrangements.
(2) The parties shall share the children's Christmas break equally as mutually agreed upon by the parties and as long as defendant has appropriate living arrangements.
(3) All week-long school vacations shall be alternated yearly by the parties, as mutually agreed upon by the parties and as long as defendant has appropriate living arrangements.
iv. Conditions.
(1) Joint custody shall be defined in its broadest sense. The parties shall share in all decisions affecting their children. All major decisions shall be jointly made after meaningful consultation between the Mother and Father.
(2) Both parties shall, at all times, keep the other parent aware of their whereabouts and the whereabouts of the children. Should either parent travel with the children for a period in excess of twenty-four (24) hours, he or she shall give to the other parent a detailed itinerary and contact information.
(3) Both parents shall be entitled to attend any and all of the children's activities, recitals, ball games, events, school functions and the like regardless of whether or not these activities are scheduled on their access time.
(4) The children may not be relocated out of the State of Connecticut absent ninety (90) days prior written notice to the Father. Any such relocation may not impact the schedule of access, absent written agreement of the parties or until a court of competent jurisdiction has ruled on the issue.
(5) Both parents shall, at all times, keep the other apprised of their work, cell and home telephone numbers and addresses.
(6) Should either parent receive a letter or notice concerning CT Page 11417 either of the children, he or she shall share the contents and a copy of the same with the other parent.
(7) The defendant shall be entitled to reasonable, liberal and uninterrupted telephone contact with the children. When the children are with defendant overnight or for extended periods of time, plaintiff shall be entitled to reasonable, liberal and uninterrupted telephone contact with the children.
2. The defendant shall pay to the plaintiff as unallocated alimony and support the sum of $400.00 per week for four years, the plaintiff's remarriage, death or cohabitation per Conn. Gen. Stat., whichever is the first to occur. Said amount only is subject to modification. Upon termination of said unallocated order, the parties shall return to court to set defendant's child support obligation consistent with the Connecticut Child Support Guidelines.
3. The defendant shall be entitled to take the minor children as dependents on his income tax. However, when the plaintiff's income subjects her to a federal or state income tax liability, each party shall take one child as a dependent on their income tax return with the plaintiff taking the oldest child and the defendant the youngest child. When only one child is a minor, the parties shall alternate taking the child as an exemption with the defendant taking the odd-numbered years and the plaintiff the even-numbered years.
4. The defendant shall maintain the minor children on his medical insurance as is reasonably available through his employment. As to all unreimbursed medical and dental expenses, the defendant shall pay 60% and the defendant 40% of said expenses.
5. The plaintiff shall provide the plaintiff with Cobra insurance for so long as she is eligible or until plaintiff obtains medical insurance through her employment, whichever is the first to occur. The parties shall each pay one-half of the premium for the Cobra coverage.
6. Each party shall keep their own bank accounts and the automobile in their possession subject to paying all debts and costs., etc., resulting from ownership of said automobiles and hold the other harmless from any loans on said automobiles. Each party shall execute any necessary documents to transfer ownership of said automobiles to the other.
7. The plaintiff shall receive 50% of the defendant's 401K by way of a Qualified Domestic Relations Order which defendant's attorney shall prepare. CT Page 11418
8. The defendant shall pay one half of the unreimbursed medical bills listed in plaintiff's financial affidavit; his own Windham Hospital bill, one half of the unpaid rent of $4,100.00, one-half of any existing deficiency owed as a result of the repossession of the Plymouth automobile and one half of the joint debts of the parties accumulated while they lived together.
As to any remaining debts of the parties, each party shall pay the debts listed on their respective financial affidavits.
Each shall hold the other harmless on any debts it is their obligation to pay.
9. The defendant is ordered to pay to the plaintiff the sum of $221.00, the arrearage the court finds on the unallocated alimony and support orders. Payment is to be made within 30 days.
10. The plaintiff shall return to the defendant the following items of personal property, if in her possession or control; bow and arrow equipment and supplies, tool box with tools, skill saw, table saw, Hilti, leaf blower, extension ladder and 4' step ladder.
11. The defendant shall pay to the plaintiff $750.00 towards her attorney's fee within 90 days.
Vasington, JTR CT Page 11419